**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE ) | Chapter 11 |
| ) | Case No. 07-6720 |
| AUTOMOTIVE PROFESSIONALS, INC., ) | Hon. Carol A. Doyle |
| ) | Hearing Date: April 17, 2007 |
| Debtor. ) | Hearing Time: 10 a.m. |

## NOTICE OF EMERGENCY MOTION

**TO:** Parties Listed on Certificate of Service

**PLEASE TAKE NOTICE** that on Tuesday, April 17, 2007 at 10 a.m., we shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, in the courtroom usually occupied by her at the United States Courthouse, 219 S. Dearborn, Chicago, Illinois and then and there present the **Debtor's Emergency Application to Employ and Retain Much Shelist Denenberg Ament & Rubenstein, P.C. as Special Counsel for the Debtor Pursuant to 11 U.S.C. § 327(a)**, a copy of which is attached hereto and hereby served upon you.

Dated: April 16, 2007                             AUTOMOTIVE PROFESSIONALS, INC.


                                                  By: /s/ Stephen T. Bobo
                                                      One of Its Proposed Attorneys

Stephen T. Bobo (#6182054)
Erich S. Buck (#6274635)
Kenneth G. Kubes (#6277825)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
sbobo@reedsmith.com
ebuck@reedsmith.com
kkubes@reedsmith.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| AUTOMOTIVE PROFESSIONALS, INC., | ) | Case No. 07-6720 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**DEBTOR'S EMERGENCY APPLICATION TO EMPLOY AND RETAIN**
**MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.**
**AS SPECIAL COUNSEL FOR THE DEBTOR PURSUANT TO 11 U.S.C. § 327(a)**

Automotive Professionals, Inc. (the "Debtor"), pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014(a), respectfully requests that this Court enter an Order authorizing it to employ and retain Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist") as special counsel to the Debtor in the above-captioned chapter 11 case. In support of this Application, the Debtor submits the Declaration of Norman B. Newman (the "Newman Declaration"), attached hereto as Exhibit A.[1]

**BACKGROUND, JURISDICTION, AND VENUE**

1. On April 13, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"). The Debtor will be managing its affairs as a debtor in possession under 11 U.S.C. §§ 1107 and 1108.

2. Under 28 U.S.C. §§ 157 and 1334, the Court has jurisdiction over this chapter 11 proceeding and this Application, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtor is an Illinois corporation and, as such, venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] This Application is further supported by the Declaration of William Andrew, Chief Financial Officer of the Debtor, in support of first-day motions, filed contemporaneously herewith.

3.  The statutory bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a).

**RELIEF REQUESTED**

4.  By this Application, the Debtor seeks to employ and retain Much Shelist as its special counsel, effective as of the Petition Date, to perform certain specialized legal services for the Debtor during the course of this chapter 11 case. Accordingly, the Debtor respectfully requests entry of an order under section 327(a) of the Bankruptcy Code authorizing it to retain and employ Much Shelist as special counsel, as more fully described below.

**SERVICES TO BE PROVIDED AND BASIS FOR RELIEF**

5.  The Debtor seeks to retain Much Shelist because of the firm's expertise and representation of the Debtor's pre-petition assignee for the benefit of creditors, as well as the detailed knowledge that the firm acquired regarding the Debtor's complex business issues and wind-down efforts.[2] Specifically, pursuant to that certain Trust Agreement and Assignment for the Benefit of Creditors of Automotive Professionals, Inc. executed on February 15, 2007, Michael L. Kayman of Realization Advisors, Inc. was appointed receiver/trustee of the Debtor's assets and was charged with liquidating and distributing these assets. In connection with this assignment, the assets of the Debtor were transferred to a trust known as the API Creditors Trust (the "Trust"). Mr. Kayman, as trustee of the Trust, retained Much Shelist (and in particular Norman Newman of that firm) to represent him throughout his wind-down and liquidation efforts.

6.  Over the past two months, Mr. Kayman and Much Shelist have worked together to develop a strategic wind-down plan for the Debtor's business and assets, as well as an orderly

---

[2] Furthermore, to the extent that Reed Smith LLP is unable to represent the Debtor on an issue with a particular party in interest in this chapter 11 case because of a conflict of interest, Much Shelist could likely serve as conflicts counsel for the Debtor.

- 2 -

and fair distribution scheme for the various classes of vehicle-service contracts that the Debtor executed (which number in the hundreds of thousands). The wind-down plan attempts to ensure equitable treatment of claims against the Debtor, and will likely provide the framework for the Debtor's plan of liquidation to be filed in this case. As such, Much Shelist has in-depth and valuable knowledge of the Debtor's business and assets, the complex nature of the Debtor's contractual relationships with its customers, dealers, agents, and insurers, and the pre-petition efforts and plan to liquidate the assets.

7.  Much Shelist has also assisted Mr. Kayman in his discussions with the Office of the Special Deputy Receiver of the Director of Insurance of the State of Illinois (the "OSD"), including the litigation pending between the OSD, on the one hand, and the Debtor and Trust, on the other hand. Much Shelist is familiar with the complex regulatory issues that have arisen pre-petition and that will likely continue during this bankruptcy case.

8.  The Debtor believes that both the lack of continuity and the cost and delay of recreating Much Shelist's knowledge and experience that would result if Much Shelist could not be retained as special counsel would be harmful to the Debtor and its estate. The Debtor requires the assistance of Much Shelist's expertise and experience to assist Reed Smith LLP in efficiently handling these regulatory issues and in developing a plan of liquidation. Therefore, the Debtor submits that Much Shelist is well qualified and uniquely able to provide specialized legal advice needed by the Debtor, and Much Shelist's retention and employment as special counsel (and conflicts counsel, if necessary) is in the best interests of the Debtor and its estate.

9.  The Debtor proposes to retain Much Shelist to render the following specialized services during the course of its chapter 11 case: (i) assisting Reed Smith LLP in providing legal advice to the Debtor with respect to state regulatory issues; (ii) assisting Reed Smith LLP in

dealing with the Debtor's contractual relationships with its customers, dealers, agents, and insurers; (iii) assisting Reed Smith LLP in formulating a plan of reorganization based on the pre-petition wind-down plan; and (iv) serving as conflicts counsel in this case, to the extent necessary and appropriate. Much Shelist has stated its willingness to act in this case and to render the necessary professional services as special counsel to the Debtor.

10. Much Shelist will not serve as the primary bankruptcy and reorganization counsel to the Debtor. The Debtor is very mindful of the need to avoid duplication of legal services, but believes that Much Shelist's services will complement, rather than duplicate, the services to be performed by Reed Smith LLP.

**TERMS OF RETENTION**

11. The Debtor seeks to retain and employ Much Shelist on an hourly basis at rates consistent with those Much Shelist routinely charges in comparable matters. Much Shelist intends to seek allowance by the Court of compensation on an hourly basis, plus reimbursement of actual and necessary expenses that Much Shelist incurs. Much Shelist's hourly rates to be charged in this chapter 11 case are consistent with the rates charged in other bankruptcy and non-bankruptcy matters and are subject to periodic adjustments to reflect market and other conditions.

12. Much Shelist has advised the Debtor that the attorneys and paralegals proposed to be primarily involved with representing the Debtor, and their respective hourly rates, are as follows:

| **Timekeeper** | **Position** | **Hourly Rate** |
|---|---|---|
| Norm Newman | Partner | $490 |
| James Morgan | Partner | $410 |
| Neil Posner | Partner | $430 |

In addition, any associate attorneys employed on this matter will be charged at their customary hourly rates of between $240 and $335 and any paralegals employed on this matter will be charged at their customary hourly rates of between $90 and $225.

13. Much Shelist charges its clients in all areas of practice for the costs and expenses incurred in connection with a client's case, including, among other things, photocopying, travel expenses, facsimile charges, long-distance telephone calls, computerized legal research, filing and recording fees, witness fees, and mailing and messenger charges. Much Shelist intends to seek reimbursement from the Debtor for these expenses in the same manner and at the same rate as it generally charges its other clients.

14. Although Much Shelist has never represented or received payment from the Debtor, it has provided pre-petition legal services to Michael L. Kayman, a member of Realization Advisors, Inc., in his capacity as assignee for the benefit the Debtor's creditors and as trustee of the Trust. On or about February 15, 2007, in accordance with Much Shelist's engagement by Mr. Kayman, Much Shelist requested and received a retainer in the amount of $50,000 from the Trust for professional services to be rendered in connection with the liquidation of the Debtor's assets (the "Retainer").

15. In accordance with its pre-petition engagement by Mr. Kayman, Much Shelist periodically invoiced Mr. Kayman, as assignee/trustee, for services rendered in the ordinary course of business in connection with the liquidation of the Debtor's assets. Much Shelist has applied the full amount of the Retainer as compensation for fees and reimbursement for expenses incurred. After application of the Retainer, Mr. Kayman, in his capacity as assignee, owes Much Shelist approximately $30,000 as of the Petition Date in connection with its representation. Much Shelist intends to seek recovery of that amount from the Debtor's estate pursuant to

section 543(c) of the Bankruptcy Code.  Aside from the Retainer, Much Shelist has received no payments from Mr. Kayman on account of its pre-petition services.

16. Much Shelist will provide the Debtor with periodic invoices for services rendered and disbursements incurred throughout this chapter 11 case as requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the end of this case.  Interim and final payments will be made on account of such invoices only in accordance with orders of this Court.

17. Other than as set forth above, no arrangement is proposed between the Debtor and Much Shelist for compensation to be paid in this case.  Much Shelist has not shared or agreed to share any compensation received in this case with any other entity other than its partners, counsel, and associates, and no promises have been made by Much Shelist or any partner, counsel, or associate as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code.

18. The Debtor respectfully submits that its fee arrangement with Much Shelist, as set forth above, is similar to fee arrangements that have been authorized in other chapter 11 cases in which Much Shelist has rendered services, is reasonable in light of industry practice, is similar to market rates both in and out of chapter 11 proceedings, is reasonable in light of Much Shelist's experience in reorganizations, and is reasonable in light of the scope of the work to be performed pursuant to its retention.  The Debtor believes that, given the nature of the services to be provided, the fee structure is both fair and reasonable.

## **DISINTERESTEDNESS**

19. To the best of Debtor's knowledge, and except as disclosed in the Newman Declaration, Much Shelist does not hold or represent any interest adverse to the Debtor or the

estate and is a "disinterested person" as defined under 11 U.S.C. § 101(14) as modified by 11 U.S.C. § 1107(b).  Furthermore, except as set forth in the Newman Declaration, to the best of the Debtor's knowledge, neither Much Shelist nor its partners or associates has any connections with the Debtor, its creditors, its current respective attorneys and accountants, any other parties in interest, the United States Trustee, or any person employed in the Office of the United States Trustee.  Much Shelist is not a creditor of the Debtor and is not an equity security holder or insider of the Debtor.

### NOTICE AND PRIOR APPLICATION

20. Notice of this application has been sent to (a) the Office of the United States Trustee; (b) the twenty largest creditors of the Debtor or their attorneys; (c) the Debtor's secured creditors or their attorneys; (d) the Debtor's insurance companies or their attorneys; (e) the Office of the Special Deputy Receiver of the Director of Insurance of the State of Illinois; and (f) the Attorney General of the State of Illinois.  The Debtor submits that, given the nature of the relief requested, no other or further notice is necessary and requests that the Court find the notice actually given to be adequate.

21. No previous application for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an interim order, and thereafter a final order, authorizing the Debtor to retain and employ Much Shelist as its special counsel in this chapter 11 case retroactive to the Petition Date and for such other relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: April 16, 2007 | AUTOMOTIVE PROFESSIONALS, INC. |
| | By: /s/ Stephen T. Bobo |
| | One of Its Proposed Attorneys |

Stephen T. Bobo (#6182054)
Erich S. Buck (#6274635)
Kenneth G. Kubes (#6277825)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
sbobo@reedsmith.com
ebuck@reedsmith.com
kkubes@reedsmith.com