**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AUTOMOTIVE PROFESSIONALS, INC., | ) | Case No.: 07-6720 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | Objection Deadline: June 28, 2010 @ 4:00 p.m. |
| | ) | |
| | ) | **Hearing Date:  June 29, 2010** |
| | ) | **Hearing Time: 10:00 a.m.** |
| | | **Room:        742** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on Tuesday, June 29, 2010, at 10:00 a.m., in accordance with the Court's Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals, we shall appear before the Hon. Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois  60604, and present the attached **Final Application of Development Specialists, Inc. as Financial Advisor to the Chapter 11 Trustee Seeking Allowance and Payment of Final Compensation and Reimbursement of Out-of-Pocket Expenses Under 11 U.S.C. §§330 and 331 and the Administrative Order Entered by This Court on June 26, 2007.**

Dated:  May 28, 2010                    Respectfully submitted,

                                        FRANCES GECKER, CHAPTER 11 TRUSTEE OF
                                        THE ESTATE OF AUTOMOTIVE
                                        PROFESSIONALS, INC.


                                        By:_____/s/ Frances Gecker_____
                                                  Frances Gecker, Trustee

Frances Gecker (ARDC #6198450)
Joseph D. Frank (ARDC #6216085)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

## CERTIFICATE OF SERVICE

I, Frances Gecker, hereby certify that on Friday, May 28, 2010, I served one copy of the

foregoing **Final Application of Development Specialists, Inc. as Financial Advisor to the**

**Chapter 11 Trustee Seeking Allowance and Payment of Final Compensation and**

**Reimbursement of Out-of-Pocket Expenses Under 11 U.S.C. §§330 and 331 and the**

**Administrative Order Entered by This Court on June 26, 2007,** on the individuals listed

below via electronic mail.

Barry A. Chatz
Miriam R. Stein
George P. Apostolides
Mary Cannon Veed
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL  60606-3910
E:mail:  bchatz@arnstein.com
E-mail:  mrstein@arnstein.com
E-mail:  gpapostolides@arnstein.com
E-mail:  mcveed@arnstein.com

Richard C. Friedman
Office of the U.S. Trustee, Region 11
227 West Monroe Street
Suite 3350
Chicago, IL 60606
E-mail:  richard.c.friedman@usdoj.gov


_____ /s/ Frances Gecker _____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-06720 |
| | ) | |
| AUTOMOTIVE PROFESSIONAL, INC. | ) | Chapter 11 |
| | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: June 29, 2010 |
| Debtor. | ) | Hearing Time: 10:30 a.m. |

**FINAL APPLICATION OF DEVELOPMENT SPECIALISTS, INC. AS FINANCIAL
ADVISOR TO THE CHAPTER 11 TRUSTEE SEEKING ALLOWANCE AND
PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF OUT-OF-
POCKET EXPENSES UNDER 11 U.S.C. §§ 330 AND 331 AND THE
ADMINISTRATIVE ORDER ENTERED
BY THIS COURT ON JUNE 26, 2007**

Pursuant to 11 U.S.C. Sections 330 and 331 and Rule 2016 of the Federal Rules of

Bankruptcy Procedures, the firm of Development Specialists, Inc. (hereafter "DSI") hereby

moves this Honorable Court for an Order awarding it reasonable compensation with respect to

Automotive Professionals, Inc. (hereafter "API" or ("Debtor")) for professional fees rendered as

Financial Advisor to the Chapter 11 Trustee in the amount of $1,526,599.50 together with

reimbursement for actual and necessary expenses incurred in the amount of $15,030.41 for the

period commencing June 26, 2007 through and including April 30, 2010 ("DSI's Final Fee

Application").

DSI's Final Application for the Period June 26, 2007 through and including April 30,

2010 seeks final approval of:

2

(a)     the prior interim payments for professional fees totaling $1,515,907.50 and for

expenses totaling $14,891.61 previously received by Applicant and authorized by this Court's

Fee Procedures Order entered on June 26, 2007, and this Court's thirty (30) Interim Approval

Orders entered in connection with Applicant's previously submitted Applications for the period

June 26, 2007 through December 31, 2009; and

(b)     professional fees totaling $10,692.00 and for expenses totaling $138.80 for the

period January 1, 2010 through April 30, 2010, and approval of payment of these fees and

expenses.

In support of its Application, DSI respectfully represents as follows:

## I.
## INTRODUCTION

1.     Development Specialists, Inc. submits this Application in accordance with the

United States Trustee Guidelines for Reviewing Application for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C §330 ("UST Guidelines").

2.     On April 13, 2007, the Debtor filed a voluntary petition for relief under Chapter

11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for

the Northern District of Illinois, Eastern Division (the "Case").

3.     This Court has jurisdiction over this Final Application pursuant to 28

U.S.C.§§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.     The statutory predicates for the relief requested herein are Sections 330 and 331

of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

5.     On June 26, 2007 this Court entered an Administrative Order Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals.

3

## II.
## APPLICATION

### RETENTION OF DEVELOPMENT SPECIALISTS, INC.

6.      The Chapter 11 Trustee sought DSI's services to assist the Trustee with the administration of the Debtor's estate.  DSI is an international workout and turnaround firm with offices located in California, Ohio, Massachusetts, Illinois and Florida.  The Firm provides a broad spectrum of services to debtors, creditors, boards of directors and other stakeholders that may be impacted in an insolvency or turnaround situation.  DSI and its senior professionals have an excellent reputation for advising financially distressed companies.

7.      On June 26, 2007, this Court executed an Order Approving Employment of Development Specialists, Inc. as Trustee's Financial Advisors.  The Retention Order provides a short description of the services that DSI may render to the Chapter 11 Trustee, including:

     a.  evaluating the business operations of the Debtor;

     b.  counseling the Trustee with respect to the administration of the bankruptcy estate;

     c.  investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operations of the Debtor's business, and any other matters relevant to the Case or to the formation of a liquidating plan or reorganization;

     d.  assisting, as necessary, in the preparation of motions, answers, orders, reports, and other legal papers in connection with the administration of the bankruptcy estate;

4

  e. assisting the Trustee in fulfilling her duties set forth in 11 USC Section 1106;

  and

  f. performing such other financial advisory services as may be necessary and

  appropriate for the efficient and economical administration of the Case.

## COMPENSATION PAID AND ITS SOURCES

  8. All services which compensation is requested by DSI were performed for or on

behalf of the Chapter 11 Trustee for this Debtor.

  9. There is no agreement or understanding between DSI and any other person other

than the members of the Firm for sharing of compensation to be received for services rendered in

this case.

  10. Pursuant to the Administrative Order, certain professionals of the Debtor and the

Committee were authorized to submit a Fee Application on or before the 20th day of the month

following the month for which compensation was sought (the "Monthly Fee Application Date").

Each Professional filed with the Court a Monthly Fee Application ("Fee Application") and

served notice of the Fee Application upon (i) Frances Gecker; (ii) Counsel for the Official

Committee of Unsecured Creditors;  (iii) and the United States Trustee.

  11. Pursuant to the Administrative Order, DSI has been paid the following interim

monthly payments:

| Automotive Professionals, Inc. | | | | | |
| --- | --- | --- | --- | --- | --- |
| Payments received by DSI | | | | | |
| | | | | | |
| Date Paid | Fee App # | Time period | Fees | Expenses | Total |
| 9/17/2007 | 1 | July 2007 | 54,485.50 | 741.66 | 55,227.16 |
| 10/25/2007 | 2 | August 2007 | 63,547.50 | 1,081.32 | 64,628.82 |

5

| | | | | | |
|---|---|---|---|---|---|
| 11/26/2007 | 3 | Sept 2007 | 94,870.50 | 1,241.48 | 96,111.98 |
| 12/19/2007 | 4 | October 2007 | 75,225.50 | 471.47 | 75,696.97 |
| 1/24/2008 | 5 | November 2007 | 61,296.50 | 2,235.42 | 63,531.92 |
| 2/13/2008 | 6 | December 2007 | 19,780.50 | 221.27 | 20,001.77 |
| 3/14/2008 | 7 | January 2008 | 44,036.00 | 342.85 | 44,378.85 |
| 4/16/2008 | 8 | February 2008 | 53,113.50 | 355.85 | 53,469.35 |
| 5/16/2008 | 9 | March 2008 | 39,072.00 | 151.23 | 39,223.23 |
| 6/19/2008 | 10 | April 2008 | 58,961.50 | 670.85 | 59,632.35 |
| 7/18/2008 | 11 | May 2008 | 44,751.50 | 389.97 | 45,141.47 |
| 8/21/2008 | 12 | June 2008 | 87,135.00 | 703.51 | 87,838.51 |
| 9/18/2008 | 13 | July 2008 | 116,204.50 | 344.46 | 116,548.96 |
| 10/16/2008 | 14 | August 2008 | 88,058.00 | 580.15 | 88,638.15 |
| 11/14/2008 | 15 | Sept 2008 | 57,402.50 | 491.40 | 57,893.90 |
| 12/15/2008 | 16 | October 2008 | 64,663.50 | 296.95 | 64,960.45 |
| 1/16/2009 | 17 | November 2008 | 40,655.50 | 802.84 | 41,458.34 |
| 2/12/2009 | 18 | December 2008 | 37,709.00 | 172.80 | 37,881.80 |
| 3/16/2009 | 19 | January 2009 | 18,939.50 | 87.61 | 19,027.11 |
| 4/13/2009 | 20 | February 2009 | 15,424.50 | 90.22 | 15,514.72 |
| 5/15/2009 | 21 | March 2009 | 52,499.00 | 858.47 | 53,357.47 |
| 6/22/2009 | 22 | April 2009 | 67,395.00 | 1,073.81 | 68,468.81 |
| 7/17/2009 | 23 | May 2009 | 67,102.00 | 623.58 | 67,725.58 |
| 9/10/2009 | 24 | June 2009 | 25,194.00 | 289.34 | 25,483.34 |
| 9/18/2009 | 25 | July 2009 | 39,876.00 | 204.82 | 40,080.82 |
| 10/20/2009 | 26 | August 2009 | 30,240.00 | 104.63 | 30,344.63 |
| 11/17/2009 | 27 | Sept 2009 | 7,536.00 | 55.78 | 7,591.78 |
| 12/23/2009 | 28 | October 2009 | 4,930.00 | 56.23 | 4,986.23 |
| 1/14/2010 | 29 | November 2009 | 22,282.50 | 58.00 | 22,340.50 |
| 2/12/2010 | 30 | December 2009 | 63,520.50 | 93.64 | 63,614.14 |
| | | | 1,515,907.50 | 14,891.61 | 1,530,799.11 |
| | | | | | |
| Pending | Final | 1/1/2010 - 4/30/2010 | 10,692.00 | 138.80 | 10,830.80 |
| | | | | | |
| TOTAL | | | 1,526,599.50 | 15,030.41 | 1,541,629.91 |

12.     Pursuant to the Combined Notice of (1) Confirmation of the Joint Liquidation

Plan of Automotive Professionals, Inc., as Modified, and (2) Administrative Expense Claims Bar

Date, administrative claims are to be filed no later than May 28, 2010 (the "Administrative

Claims Bar Date").

13.     Development Specialists, Inc. has never held a retainer in this matter.

6

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## DURING THE OUTSTANDING PERIOD

14.    DSI has established numerous categories for description of the work it provides

to its clients.  In order to capture the outstanding fees for the period of Jnauary 1, 2010 through

and including April 30, 2010, DSI had used two (2) different matter number(s) or subject-matter

category (the "Matter Categories") to which its professionals assigned the time billed by them.

All of the time billed to these categories in this case is related to the tasks performed by DSI on

behalf of the Debtor.  All DSI professionals kept a contemporaneous record of the time spent

rendering such services and, consistent with the Guidelines of the Office of the United States

Trustee, separated tasks in billing increments of one-tenth of an hour.

### OUTSTANDING PERIOD

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Business Analysis | 1.00 | $360.00 |
| Claims Analysis/Objections | 28.70 | $10,332.00 |
| TOTALS | 29.70 | $10,692.00 |
| Blended Average Rate/Hour | | $360.00/hour |

15.    Attached as Exhibit A is a detailed copy of the chronological time spent by

category by consultant for the period commencing January 01, 2010 through and including April

30, 2010. This report represents a categorical sort of the Firm's time reports.  These time reports

are kept in the regular course of business reflecting the services rendered by the Firm during the

Application Period.  The time reports are organized on a daily basis.  The Firm is particularly

7

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.

16.    The following is a general description of the categories into which DSI has organized this Application and a brief summary of the hourly consulting services performed within each category.

### A.    Business Analysis

The time in this category includes the coordination of response to claim data requested by a settled dealer and coordination of bank account data requested by the Trustee's counsel.

Total Fees:    <u>$360.00</u>        Total Hours:    <u>1.00</u>

### B.    Claims Analysis/Objections

The time in this category was spent preparing a file of potential GPR claims and beginning to analyze claims filed by creditors against the prepared schedule of potential GPR claims to identify ineligible GPR claims filed.

Total Fees:    <u>$10,332.00</u>        Total Hours:    <u>28.70</u>

17.    Attached hereto as <u>Exhibit B,</u> and incorporated herein, is a summary and detailed listing of DSI's out-of-pocket expenses which total $138.80 for the Outstanding Period. This Application includes photocopy charges at $.10 per page. DSI's photocopier automatically records the number of copies made when a person that is doing the copying enters the client's account number into a device that is attached to the photocopier. Development Specialists, Inc. summarizes each client's photocopying charges on a monthly basis. Whenever feasible, DSI sends large copying projects to an outside copy service that charges a reduced rate for photocopying.

8

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## DURING THE APPLICATION PERIOD

18.    DSI has established numerous categories for description of the work it provides

to its clients.  As of the preparation of this Fee Application, DSI had used sixteen (16) different

matter number(s) or subject-matter category (the "Matter Categories") to which its professionals

assigned the time billed by them.  All of the time billed to these categories in this case is related

to the tasks performed by DSI on behalf of the Debtor.  All DSI professionals kept a

contemporaneous record of the time spent rendering such services and, consistent with the

Guidelines of the Office of the United States Trustee, separated tasks in billing increments of

one-tenth of an hour.

19.    The table below contains the list of the categories used by DSI in this matter,

along with the total hours billed to that category and the total fees sought by the category:

### COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | 2.30 | $1,115.00 |
| Fee Application/Client Billing | 5.30 | $2,339.00 |
| Attend Court Hearings/Rev Pleadings | 61.20 | $29,168.50 |
| Business Analysis | 2,697.40 | $1,006,765.00 |
| Plan of Reorganization/Disclosure Statement | 0.30 | $148.50 |
| Bankruptcy Schedules | 81.70 | $30,559.00 |
| Monthly Bankruptcy/Semi-Annual Reports | .90 | $427.50 |
| Preference Analysis | 13.90 | $4,900.50 |

9

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Claims Analysis/Objections | 28.70 | $10,332.00 |
| Tax Issues | 23.70 | $11,027.00 |
| Asset Analysis and Recovery | 28.80 | $10,503.00 |
| Sale of Assets | 33.20 | $14,772.00 |
| Record Storage | 8.00 | $760.00 |
| Creditors/Creditors' Committee Contact | 219.60 | $103,470.50 |
| Litigation Support | 676.50 | $295,902.00 |
| Travel | 9.00 | $4,410.00 |
| **TOTALS** | 3,890.50 | $1,526,599.50 |
| Blended Average Rate/Hour | | $392.39/hour |

20.     The following is a general description of the categories into which DSI has

organized this Application and a brief summary of the hourly consulting services performed

within each category.

**A.     Case Administration**

The hours billed to this category include discussions with the Trustee regarding the

background and scope of tasks to be completed in the case.

Total Fees:     $1,115.00                    Total Hours:     2.30

**B.     Fee Applications/Client Billings**

The work in this category includes preparation of the thirty (30) monthly fee applications

pursuant to the Administrative Order.  DSI has significantly reduced the amount of hours

billed to this category over the pendency of the case.

10

Total Fees:    $2,339.00              Total Hours:    5.30

**C.    Attend Court Hearings/Rev Pleadings**

The time spent in this category includes significant effort evaluating and assisting the

Trustee in the preparation and review of pleadings related to numerous settlements with

insurance companies, dealers and agents.  Due to the complexity of many of these

settlements, DSI often assisted in the preparation of exhibits and/or schedules attached to

pleadings and settlements.  Members of DSI also regularly attended Bankruptcy Court

hearings to provide further support and backup for the Trustee and Counsel on these

matters.

Total Fees:    $29,168.50             Total Hours:    61.20

**D.    Business Analysis**

The lion's share of DSI's work was performed as part of the business analysis for the

Trustee.  As part of this effort DSI spent considerable time on-site at the Debtors.  DSI

was tasked with reviewing the day-to-day operations, accounting and banking procedures

and processes employed by the prepetition Debtors.  Members of DSI worked closely

with the CFO, COO, chief IT manager, claims managers and staff and the remaining

accounting staff in order to review historical operations and calculate claims. These

efforts were hindered due to the fact that nearly all of the staff was gone by the time the

Trustee and DSI were appointed.  At the beginning of the engagement, much time was

spent reviewing and culling information to prepare bankruptcy schedules.  DSI also spent

considerable time creating reserve calculations and allocations that would become the

framework from which settlements with dealers, agents, insurance companies and

11

insurance commissioners.   These calculations included an analysis of over 620 reserve

accounts for over 2,700 dealers, covering 250,000 consumer vehicle service contracts.

This analysis also required that DSI incorporate the remaining $68 million still on hand

so that cash could be tracked to the "appropriate" dealer reserves.   These calculations

were extremely complicated due to the shear amount of data, the fact that some agents

were signed up as AO (Administrative Obligor and/or Dealer Obligor) and the fact that

accounts and funds had been transferred as part of the ongoing operations and, again, as

part of an ill-conceived Assignment for the Benefit of Creditors that was attempted prior

to the bankruptcy filing.   This analysis also included reconciliation, review and

consideration of the depleted reserve accounts.   DSI spent considerable time and worked

closely with the Trustee and her Counsel on each of the interaction, negotiations and

settlement with the numerous dealers, insurance companies and regulators from the States

of Illinois, New York and Wisconsin.   DSI was responsible for the gathering and

dissemination of data to all of these various parties.   Prior to settlements, DSI was also

tasked with the coordination and management of the information flow between these

various constituents and SRI, the Debtor affiliate responsible for the maintenance of the

databases of customer and dealer information.   Post settlement with dealers, DSI also

worked to assist in the efficient transition of data and files from the Debtor and/or SRI to

the new servicing agent for the dealer.   As part of this process, DSI spent considerable

time and effort in the review, parsing and interpretation of the massive amounts of data

and financial information that was included in the Debtor's general ledger system, bank

account software and in the various dealer and customer databases.   This work was then

12

used to provide forensic accounting to the Trustee related to intercompany accounting,
operations and funds flow. The work in this category included DSI's efforts to
summarize, calculate and review various alternatives available for VSC holders that had
not or could not be settled. DSI also worked with the Trustee to evaluate liability related
to unsettled dealers and GPR liability, aimed at calculation of claims and the evaluation
of various options and alternatives related to the preparation of a Plan of Reorganization
and run-off services for those unsettled dealer and GPR claims.

Total Fees:    $1,006,765.00        Total Hours:    2,697.40

**E.    Plan of Reorganization/Disclosure Statement**

The work performed in this category relates to the review of dealer settlement summaries
provided to the Trustee.

Total Fees:    $148.30        Total Hours:    0.30

**F.    Bankruptcy Schedules**

Members of DSI worked closely with, and provided guidance to, the remaining
accounting staff and IT staff at the NServ (parent entity to the Debtor) offices to pull
together various schedules and historical information that could be used to prepare the
Bankruptcy Schedules and Statement of Financial Affairs.

Total Fees:    $30,559.00        Total Hours:    81.70

**G.    Monthly Bankruptcy/Semi-Annual Reports**

The time expended in this category relates to conversations with the Trustee's attorneys
regarding operating report issues.

Total Fees:    $427.50    Total Hours:    0.90

13

H.    **Preference Analysis**

This category includes work performed in evaluating potential preferential payments to

vendors.

Total Fees:    $4,900.50                 Total Hours:    13.90

I.    **Claims Analysis/Objections**

The work performed in this category included the preparation of numerous schedules

regarding potential GPR claims, and matching these claims against claims filed in the

Bankruptcy case.

Total Fees:    $10,332.00                 Total Hours:    28.70

J.    **Tax Issues**

Due to the complexity of the operations and corporate structure and the fact that the

Debtor was not the parent company of the operations, DSI worked with the Trustee,

Counsel and the Trustee's accounting advisor and NServ representatives to assist with the

coordination and transition of information to the parent company so that consolidated

returns could be prepared.  DSI also worked with the Trustee's professionals on other tax

related issues such as preparation of 1099s and related returns.

Total Fees:    $11,027.00                 Total Hours:    23.70

K.    **Asset Analysis and Recovery**

The time in this category includes the preparation of the Request for Proposals and

management of the information flow to various interested parties.  This information flow

includes numerous telephone conversations, data downloads and explanations related to

the Trustee's efforts to solicit proposals for the insurance and run-off of the active

14

contracts still in the API portfolio. This effort also included preparation of specific

databases and PivotTables so that interested parties would be able to efficiently review

and parse through voluminous amounts of data related to these contracts. In addition,

DSI worked with the advertising specialists to oversee the placement of the Trustee's

Request for Proposal in trade magazines, websites and newspapers.

Total Fees:    $10,503.00          Total Hours:    28.80

**L.    Sale of Assets**

The time in this category was spent coordinating and managing the process to locate and

identify parties interested in running off the remaining API portfolio. This includes

numerous telephone calls and preparation of information requests for these parties.

Total Fees:    $14,772.00          Total Hours:    33.20

**M.    Record Storage**

Time charged to this category includes assistance provided to the Trustee's counsel with

the review and cataloguing of records.

Total Fees:    $760.00          Total Hours:    8.00

**N.    Creditors/Creditors' Committee Contact**

The time in this category includes numerous telephone conversations with agents, dealers

and insurance companies interested in obtaining data regarding their respective books of

business. This effort included the request, retrieval and transmittal of an enormous

amount of claims and contract data to these groups. In addition, DSI worked with the

15

Chapter 11 Trustee, counsel for the Trustee and Garden City on information retrieval for
the Notice to creditors and for the preparation of the Trustee's website. Additionally, the
firm provided telephonic updates to the Official Committee of Unsecured Creditors.
The work in this category includes numerous telephone calls with creditors, dealers and
agents as well as the counsel for the Creditors' Committee; much of this time was spent
discussing the direction of the case, discussing reserve calculations, funds flow,
settlements, bank accounts, the settlement process, past settlement conversions, and
responding to numerous and voluminous requests for dealer and agent information.  DSI
worked with SRI to have huge amounts of claims and contract data downloaded onto
CD's for each specific dealer and/or agent's group.  DSI also worked with the Trustee's
office on creditor information requests for the creditor matrix and web site.
The work in this category includes numerous telephone calls with creditors, dealers and
agents as well as the counsel for the Creditors Committee.  DSI continued to work with
SRI to cull computerized data for the individual dealers and/or agents including the
download and transfer of information for claims, contracts and bank statements.

Total Fees:    $103,470.50          Total Hours:      219.60

**O.     Litigation Support**

The work in this category includes discussions with the Trustee and counsel regarding the
2004 discovery request and working with the Trustee and her staff on various litigation
matters including the Goldman Sachs and Marathon issues.  A significant amount of time
was incurred performing financial analysis, reviewing deposition transcripts and various

16

documents produced in preparation of an expert report that would be used in the Goldman
Sachs litigation.  Additionally, DSI attended a deposition of an actuary at Perr & Knight
at the request of counsel.

Significant time was spent preparing for expert testimony given at deposition in the
Goldman Sachs matter.  Time was also spent preparing for depositions made by opposing
experts, finalizing expert testimony transcripts related to the Goldman Sachs matter,
reviewing expert reports, deposition testimony, meetings with counsel, preparation of trial
exhibits and attendance at trial including expert testimony by Mr. Calvert.

Total Fees:    $295,902.00              Total Hours:    676.50

**P.    Travel**

Time in this category is for travel to and from Boca Raton, Florida, for the actuary
deposition.

Total Fees:    $4,410.00               Total Hours:    9.00

## NARRATIVE/SUMMARY

21.    The members of the Firm that have rendered professional services to the Debtor
together with their position at the Firm, their tenure, hourly rate and hours spent on this matter
are presented below:

| Name | Title | Year | Rate* | Hours | Amount |
|---|---|---|---|---|---|
| Steven L. Victor | Consultant | 1988 | $510.00 | 1,106.90 | $538,211.50 |
| George E. Shoup | Consultant | 1994 | $360.00 | 35.60 | $11,214.00 |
| Alan J. Omori | Consultant | 1997 | $360.00 | 1,637.00 | $540,314.00 |

17

| Name | Title | Year | Rate* | Hours | Amount |
|------|-------|------|-------|-------|--------|
| R. Brian Calvert | Consultant | 2002 | $495.00 | 346.00 | $169,540.00 |
| Eric R. Sweitzer | Consultant | 2002 | $390.00 | 738.00 | $263,731.00 |
| Brian C. Weepie | Consultant | 2002 | $360.00 | 2.80 | $952.00 |
| David K. Lee | Consultant | 2008 | $190.00 | 5.20 | $832.00 |
| Sean L. Farrell | Consultant | 2008 | $150.00 | 19.00 | $1,805.00 |
| TOTAL | | | | 3,890.50 | $1,526,599.50 |

* The above hourly rates are adjusted on January 1st of each new year to reflect the advancing experience, capabilities and growing seniority of our professionals as well as other general economic factors that affect the operations of DSI's business. Rates presented are for 2010.

22.    These hourly rates are DSI's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by DSI for the period commencing June 26, 2007 through and including April 30, 2010 is equal to $1,526,599.50. The blended hourly rate for the Firm for the duration of the fee application is $392.39.

23.    Attached hereto as <u>Exhibit C</u> is a summary of DSI's out-of-pocket expenses which total $15,030.41 for the duration of the case.

24.    DSI charges the actual cost of the toll charges for outgoing long distance faxes. Fax receipts are not charged to clients. DSI does charge the actual cost for long distance calls placed by professionals from their offices. DSI believes the foregoing rates are market rates.

## APPLICABLE AUTHORITY

25.    Under Section 330 of the Bankruptcy Code, a Bankruptcy Court may award to a professional employed by the estates "reasonable compensation for actual, necessary services" rendered by the professional, plus "reimbursement for actual, necessary expenses." 11 U.S.C.

18

§ 330(a)(1).  See generally In re Geraci, 138 F.3d 314 (7th Cir. 1998); Matter of Taxman Clothing

Company, 49 F.3d 310 (7th Cir. 1995).

26.    In determining the amount of "reasonable compensation," the Court must

consider the nature, extent and value of the services, taking into account all the relevant factors,

including the time spent on such services; the rates charged for such services; whether the

services were necessary and beneficial; whether the services were performed in a reasonable

amount of time commensurate with the complexity, importance and nature of the problem, issue

or task addressed; and whether the compensation is reasonably based on the customary

compensation charged by comparably skilled practitioners in cases other than cases under the

Bankruptcy Code 11 U.S.C. § 330(a)(3).

27.    Bankruptcy Courts reviewing fee applications use several different approaches to

apply these guidelines, including familiar methods such as the approach outlined in Johnson v.

Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974).  See generally In re Geraci, 138 F.3d

314 (7th Cir. 1998); In re Spanjer Brothers, Inc., 203 B.R. 85 (Bankr. N.D. Ill. 1996).  Similarly,

Bankruptcy Courts frequently utilize the lodestar analysis, analyzing the benefit of the services to

the estate and considering whether the services rendered were reasonable and necessary.  See

Matter of Taxman Clothing Company, 49 F.3d 310, 315 (7th Cir. 1995); In re UNR Industries,

Inc., 986 F.2d 208 (7th Cir. 1993).

28.    These analyses examine similar factors, including: (i) the novelty or difficulty of

the questions, (ii) the experience, reputation and skill of the professional, (iii) time limitations

imposed by the circumstances, (iv) whether the fee is fixed or contingent, (v) the preclusion of

other employment by the professional due to acceptance of the case, and (vi) the amount

19

involved and the results obtained or the quality of the services. <u>Matter of Taxman Clothing Company</u>, 49 F.3d 310, 315 (7th Cir. 1995); <u>In re Spanjer Brothers, Inc.</u>, 203 B.R. 85 (Bankr. N.D. Ill. 1996).

29.    In accordance with the factors enumerated in 11 U.S.C. § 330 and above, the amounts requested herein by DSI are fair and reasonable, given: (i) the nature of the bankruptcy cases, (ii) the novelty and complexity of the bankruptcy cases, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the bankruptcy cases, (v) the nature and extent of the services rendered, (vi) DSI's experience, reputation and ability, (vii) the value of DSI's services, and (viii) the cost of comparable services other than in a case under the Bankruptcy Code.

**WHEREFORE** DSI respectfully requests that this Court enter an Order pursuant to §§330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016 as follows:

30.    Approving the final allowance of DSI's compensation for professional services rendered for and on behalf of the Chapter 11 Trustee for this Debtor during the period June 26, 2007 through and including December 31, 2009 in the aggregate amount of $1,515,907.50 and reimbursement of its actual, reasonable and necessary out-of-pocket expenses in the amount of $14,891.61;

31.    Authorizing the payment of $10,692.00 in compensation and $138.80 for reimbursement of its actual, reasonable and necessary out-of pocket expenses for the period January 1, 2010 through April 30 2010.

32.    For such other and further relief as Court deems just.

20

Respectfully submitted,

_Steven L. Victor_
Steven L. Victor
Development Specialists, Inc.
Three First National Plaza
Suite 2300
70 West Madison Street
Chicago, Illinois 60602-4250
312/263-4141

Financial Advisor to the Chapter 11 Trustee

Dated:        May 27, 2010
              Chicago, Illinois

21